UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MATTHEW DICKSON and JENNIFER
DICKSON, each individually and on
behalf of all others similarly situated                                              PLAINTIFFS

v.                               No. 5:16-CV-05027

GOSPEL FOR ASIA, INC.; GOSPEL FOR
ASIA-INTERNATIONAL; K.P. YOHANNAN;
GISELA PUNNOSE; DANIEL PUNNOSE;
DAVID CARROLL; and PAT EMERICK                                                       DEFENDANTS

## OPINION AND ORDER

On January 18, 2017 the Court entered an opinion and order (Doc. 39) denying Defendants' motions to compel arbitration and dismiss the case. The Court found that because the arbitration agreements lacked mutuality of obligation and the dispute was outside the scope of those agreements, arbitration should not be compelled. The Court then addressed the motions to dismiss and denied them on the merits.

Defendants appealed, and the matter was stayed during the pendency of the appeal. On November 27, 2018, the mandate (Doc. 55) of the Eighth Circuit Court of Appeals was entered on the docket. The Court of Appeals reversed this Court, finding that mutuality of obligation existed and the dispute was within the scope of the arbitration agreements. The Court of Appeals also remanded for further proceedings.

No further proceedings are necessary. As the Court of Appeals has determined that binding arbitration agreements exist and the parties' disagreement falls within the scope of those agreements, arbitration must be compelled. Because the arbitration agreement controls the entirety of the dispute, the weight of authority supports dismissal of the action following entry of an order compelling arbitration. *See Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (holding that

1

under a judicially-created exception to section 3 of the Federal Arbitration Act, a court may, in its discretion, dismiss an action in favor of arbitration where it is clear that the entire controversy will be resolved by arbitration); *accord Choice Hotels Int'l, Inc. v. BSR Tropicana Resort, Inc.*, 252 F.3d 707, 709–10 (4th Cir. 2001); *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1163 (5th Cir. 1992); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

IT IS THEREFORE ORDERED that the motion (Doc. 23) to compel arbitration and stay is GRANTED IN PART AND DENIED IN PART. The motion is GRANTED insofar as the parties are ORDERED to engage in final and binding arbitration in accordance with the rules and procedures set forth in the Uniform Arbitration Act.[1] The motion is DENIED insofar as no stay will be entered.

IT IS FURTHER ORDERED that the motions (Docs. 25 and 27) to dismiss are DENIED AS MOOT.

IT IS FURTHER ORDERED that this case is DISMISSED WITHOUT PREJUDICE. Judgment will be entered accordingly.

IT IS SO ORDERED this 28th day of November, 2018.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE

---

[1] The Court previously determined that the reference in the arbitration agreements to the "Unified Arbitration Act" (Doc. 23-1, pp. 7, 10, 13) is clearly a scrivener's error.